Kirkpatrick, C. J.
— Delivered the opinion of the Court.
This is a question of costs.
Smock, the defendant, had committed an assault and battery upon one Joseph Carman, the apprentice of Edward Car-man, the plaintiff, by which he was much disabled. Joseph Carman thereupon brought an action of trespass for assault and battery against the defendant; and Edward Carman the master, a special action on the case for damages for loss of service, &c., This latter was brought up into this Court by habeas corpus, and upon the trial, a verdict was rendered, and judgment is now entered for the plaintiff, for 850. The question is, shall ho recover his costs.
This depends nponthecause being within the jurisdiction of a justice of the peace, or otherwise.
[*j It is said by the plaintiff, that the assault and battery is the foundation of the suit; that it is from the nature of the pleadings the principal subject matter upon which a determination is to be had, and that damages are but a consequent upon that determination; that in giving jurisdiction to justices of the peace, assaults and batteries are specially excepted out of that jurisdiction ; and that therefore, according to the true intent and meaning of that act, no cause can *82 be tried before a justice of the peace, let the form of the action be what it may, where the principal matter in dispute is, assault or not assault.
Though there seems to be much force in this reasoning; yet upon inspecting the act, I believe the words will not bear it out. It gives cognizance to the justices of the peace, of every suit of a civil nature at lamo, where the matter in dispute does not exceed sixty dollars, excepting actions for assault and battery, &c. And then in the 40th section it enacts, that if any person shall institute suits for any demand made cognizable before a justice of the peace, in any other court, and obtain judgment for any sum not exceeding sixty dollars exclusive of costs, he shall recover no costs of suit.
So it is seen that the statute excepts from the justices jurisdiction, not assaults and batteries in general terms, but actions of assault and battery. This is not such action. And therefore the plaintiff cannot recover costs.